UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STALWART CAPITAL, LLC,

        Plaintiff,

   v.

ICAP PACIFIC NORTHWEST
OPPORTUNITY AND INCOME
FUND, LLC,

        Defendants.

C14-1128 TSZ

MINUTE ORDER

       The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

       (1)    Plaintiff has moved for summary judgment, docket no. 59.[1] The Court held oral argument on October 8, 2015, and at the hearing the Court denied the motion in part and ruled on the record that there were material issues of fact precluding summary judgment as to plaintiff's fifth cause of action for tortious interference against iCap Income Fund II. The remaining portion of plaintiff's motion relates to successor liability issues and whether and to what extent iCap Income II and defendant Chris Christensen are liable for any obligations under the Placement Agreement.

       Plaintiff argues that the ultimate recipient of funds, iCap Income II, is liable for the obligations of the actual signatory to the Placement Agreement, iCap Real Estate I. The general rule in Washington is that a purchaser of assets does not become liable for

---

[1] Although plaintiff's motion is captioned a Motion for Summary Judgment, the motion did not seek relief as to plaintiff's cause of action no. 1—breach of contract against iCap Real Estate Fund I and iCap Real Estate Fund II. Thus, the Court does not address the basic issue of whether any defendant is liable for any amounts under the Best Efforts Placement Agent Agreement (Placement Agreement).

MINUTE ORDER - 1

the debts and liabilities of the seller except in four narrow specific circumstances. *Hall v. Armstrong Cork, Inc.*, 103 Wn.2d 258, 261-62, 692 P.2d 787 (1984). These four circumstances are: (1) the purchaser expressly or implicitly assumed the liability; (2) the purchaser de facto merged with its predecessor; (3) the purchaser is a "mere continuation" of its predecessor; and (4) the transfer of assets is for the fraudulent purpose of escaping liability. *Id.* These exceptions constitute the equitable doctrine of successor liability. *Martin v. Abbott Labs.*, 102 Wn.2d 581, 609 (1984). However, successor liability is not itself a tort but rather an equitable remedy to transfer liability to a successor. The Court concludes that there are material issues of fact which precludes any partial summary judgment seeking to establish successor liability under any theory against any defendant.

(2) Paragraph 8 of the Placement Agreement provides that "This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns." The parties are directed to address in their trial briefs the effect of this portion of the Agreement between the parties as it relates to plaintiff's claims.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 19th day of October, 2015.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2