UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STALWART CAPITAL, LLC,   )
             )
     Plaintiff,   )  NO. C14-1128-TSZ
             )
   v.       )
             )  COURT'S JURY INSTRUCTIONS
iCAP PACIFIC NORTHWEST  )
OPPORTUNITY AND INCOME FUND, )
LLC, et al.,      )
             )
     Defendants.  )
_____

DATED this 19th day of November, 2015.

_____
Thomas S. Zilly
United States District Judge

INSTRUCTION NO. 1

<u>Duty of Jury</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   These instructions will be in three parts:   first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, <u>i.e.</u>, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you.   You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I might have said or done any suggestion as to what verdict you should return.   That is a matter entirely for you to decide.

INSTRUCTION NO. 2

<u>Burden of Proof</u>

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

In determining whether any fact in issue has been proved, you should base your decision on all of the evidence, regardless of which party presented it.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 3

Evidence


The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions.   This testimony is also evidence from which you are to decide the facts.   You should draw no inference from whether these individuals were or were not physically present in court themselves.

INSTRUCTION NO. 4

<u>Stipulated Facts</u>

The parties have stipulated to the following facts.   You should consider these facts in addition to other facts which were proved to you at trial.

1.   Plaintiff Stalwart Capital, LLC, ("Stalwart") is a New Jersey limited liability company.

2.   Stalwart is broker dealer licensed under the laws of New Jersey.

3.   Stalwart is owned by Doug Evans, a resident of New Jersey.

4.   Chris Christensen is a resident of Washington.

5.   iCap Pacific Northwest Opportunity and Income Fund, LLC ("iCap Income Fund II) was formed in the State of Delaware on November 12, 2013.   It is an active Delaware limited liability company.   On November 19, 2013, iCap Income Fund II was registered in Washington State.

6.   iCap Pacific NW Management, LLC is an active Washington limited liability company formed in the State of Washington on June 26, 2013.

7.   iCap Pacific NW Management, LLC serves as the sole manager of iCap Income Fund II.

8.   iCapEquity, LLC is a Washington limited liability company and it was formed on August 5, 2011.

INSTRUCTION NO. 4 (Page 2)

9.      Altius Development Inc. is a Washington corporation.

10.     On January 18, 2013, Stalwart and iCap Equity Real Estate Fund I, LLC ("iCap Real Estate Fund I") entered into the Best Efforts Placement Agent Agreement (the "Placement Agreement").

INSTRUCTION NO. 5

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   Certain things are not evidence and you may not consider them in deciding what the facts are.   I will list them for you:

1.      Arguments and statements by lawyers are not evidence.   The lawyers are not witnesses.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Objections by lawyers are not evidence.   Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 8

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 9

<u>Liability of Corporations and LLCs</u>

The fact that a party is a corporation or an LLC should not affect your decision.   All persons are equal before the law, and a corporation or an LLC, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

The term corporation when used in these instructions shall also refer to an LLC.

INSTRUCTION NO. 10

Use of Interrogatories of a Party

Evidence may have been presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.   These answers were given in writing and under oath, before trial, in response to questions that were submitted in writing under established court procedures.   You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

INSTRUCTION NO. 11

<u>Naming Convention</u>

During this case, you have heard testimony regarding different companies.   To help you keep them straight, here is a list of the companies, and the corresponding shortened name used for each in these instructions.   The shortened name is just a short-hand way of referring to each company and has no substantive significance.

| **Entity Name:** | **Referred to as:** |
|---|---|
| Stalwart Capital, LLC | Plaintiff or Stalwart |
| iCapEquity Real Estate Fund I, LLC | iCap Real Estate Fund I |
| iCap Pacific Northwest Real Estate Fund, LLC | iCap Real Estate Fund II |
| iCap Pacific Northwest Income Fund, LLC | iCap Income Fund I |
| iCap Pacific Northwest Opportunity and Income Fund, LLC | iCap Income Fund II |
| iCap Pacific NW Management, LLC | iCap Pacific NW Management |
| iCap Equity, LLC | iCap Equity |

INSTRUCTION NO. 12

<u>Charts and Summaries</u>

Charts and summaries have been received into evidence to illustrate information brought out in the trial.   Charts and summaries are only as good as the underlying evidence that supports them.   You should, therefore, give them only such weight as you think the underlying evidence deserves.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 13

Summary of Claims

Plaintiff brings this lawsuit against defendants to recover damages.   Plaintiff asserts five claims:

1.      Breach of contract against iCap Real Estate Fund II;

2.      Breach of contract against iCap Income Fund II as a result of successor liability;

3.      Breach of contract against Chris Christensen based on (a) the responsible corporate officer doctrine based on a fraudulent transfer; and (b) improper use of the corporate form;

4.      Tortious interference against iCap Income Fund II; and

5.      Tortious interference against Chris Christensen.

Defendants deny these claims and further deny the nature and extent of plaintiff's claimed damages.

Defendant iCap Real Estate Fund I brings a counterclaim against plaintiff to recover damages.   Defendant iCap Real Estate Fund I asserts that plaintiff breached the Placement Agreement by:

1.      Failing to provide best effort to raise capital; or

2.      Breaching the duty of good faith and fair dealings.

Plaintiff denies these claims and further denies the nature and extent of defendant's claimed damages.

INSTRUCTION NO. 13 (page 2)


The foregoing is merely a summary of the claims and defenses of the parties.   You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence.   These claims and defenses have been outlined solely to aid you in understanding the issues.

Each party is asserting more than one claim, and each claim is entitled to your separate consideration.   You must decide as to each claim whether a party is entitled to recover.   The fact that a party is entitled to recover on one claim does not mean that a party is entitled to recover on another claim.   Similarly, the fact that a party is not entitled to recover on one claim does not prevent a party from recovering on another claim.

Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 14

<u>First Claim – Breach of Contract against iCap Real Estate Fund II</u>

A contract is a legally enforceable promise or set of promises.   The failure to perform fully a contractual duty when it is due is a breach of contract.   In this case, the contract at issue is the Placement Agreement, Exhibit 8.   To establish its first claim for breach of contract, plaintiff must prove by a preponderance of the evidence each of the following elements:

1.     That plaintiff and iCap Real Estate Fund I entered into the Placement Agreement, Exhibit 8;

2.     That defendant iCap Real Estate Fund II assumed iCap Real Estate Fund I's obligations and agreed to be bound by the terms and conditions of the Placement Agreement;

3.     That iCap Real Estate Fund II breached the Placement Agreement by (a) failing to pay plaintiff a fee pursuant to the Placement Agreement, or (b) circumventing the Placement Agreement in violation of the duty of good faith and fair dealing, with all of you agreeing on one or both of these alleged breaches;

4.     That plaintiff had performed or offered to perform its obligations under the Placement Agreement; and

5.     That plaintiff was damaged as a result of iCap Real Estate Fund II's breach.

If you find from your consideration of all of the evidence that any of these elements has not been proved, your verdict should be for defendant on plaintiff's first claim.   On the other hand, if you find that all of these elements have been proved, your verdict should be for plaintiff on its first claim.

INSTRUCTION NO. 14A

<u>Contract Interpretation</u>

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

INSTRUCTION NO. 14B

<u>First Claim – Third Element – Implied Duty of Good Faith and Fair Dealing</u>

A duty of good faith and fair dealing is implied in every contract.   This duty requires the parties to cooperate with each other so that each may obtain the full benefit of performance. However, this duty does not require a party to accept a material change in the terms of its contract.

INSTRUCTION NO. 14C

<u>First Claim – Fourth Element – Performance by Plaintiff</u>

A party seeking to enforce the terms of a contract, or to recover damages for the breach of a contract, has the burden of proving that all conditions precedent or conditions concurrent to the other party's duty to perform under the contract have been fulfilled or that such fulfillment was excused.

Defendant iCap Real Estate Fund II asserts that the conditions precedent to its duty to perform have not been fulfilled because plaintiff failed to deliver capital to iCap Real Estate Fund I or iCap Real Estate Fund II.

INSTRUCTION NO. 15

Second Claim – Breach of Contract against iCap Income Fund II

To establish its second claim of breach of contract against iCap Income Fund II, plaintiff must prove by a preponderance of the evidence each of the following elements:

1.    That iCap Real Estate Fund II is liable to plaintiff on plaintiff's first claim for breach of the Placement Agreement, Exhibit 8; and

2.    That iCap Income Fund II is also liable to plaintiff as a result of the doctrine of successor liability.

If you find from your consideration of all of the evidence that any of these elements has not been proved, your verdict should be for defendant on plaintiff's second claim.   On the other hand, if you find that all of the elements have been proved, your verdict should be for plaintiff on its second claim.

INSTRUCTION NO. 15A

<u>Second Claim – Second Element – Successor Liability Overview</u>

Plaintiff has alleged that iCap Income Fund II should be liable for the obligations of iCap Real Estate Fund II under the successor liability doctrine.   These instructions are meant to give you a fuller understanding of that doctrine.

The general rule in Washington is that only parties that agree to be bound by a contract have an obligation to perform under it.   Individual corporate entities are generally treated as separate from other entities, regardless of common ownership.

Normally, when a corporation sells or transfers its assets to another corporation, the successor corporation does not become liable for the debts of the first corporation.   The successor liability doctrine provides three exceptions to this general rule, and successor liability is imposed if:   (1) the successor entity implicitly agrees to assume liability; (2) the successor entity is a mere continuation of the seller; or (3) there is a bad faith transfer of assets for the fraudulent purpose of escaping liability.

INSTRUCTION NO. 15B

<u>Second Claim – Second Element – Implicit Assumption of Liability</u>

Plaintiff alleges that iCap Income Fund II implicitly agreed to be bound by the obligations of the Placement Agreement.   Plaintiff must prove by a preponderance of the evidence the following elements:

1.   That there was a transfer of substantially all the assets from an iCap entity bound by the Placement Agreement to iCap Income Fund II either directly or through iCap Income Fund I; and

2.   That iCap Income Fund II implicitly agreed to be bound by the obligations of the Placement Agreement through its conduct.

For a promise to be implied, the conduct or representations relied upon must show such an intention.   The presence of such an intention depends on all the facts and circumstances.

INSTRUCTION NO. 15C

<u>Second Claim – Second Element – Mere Continuation</u>

Plaintiff also contends that iCap Income Fund II is the "mere continuation" of an entity that was bound by the Placement Agreement.   Plaintiff must prove by a preponderance of the evidence each of the following elements to establish successor liability based on a theory of mere continuation:

1.   That there was a transfer of substantially all the assets from an iCap entity bound by the Placement Agreement to iCap Income Fund II either directly or through iCap Income Fund I; and

2.   That iCap Income Fund II is a "mere continuation" of iCap Real Estate Fund II and iCap Income Fund I.   You may consider common identity of officers, directors, and members between the entities, and any consideration or the lack of consideration running to the transferring entity in light of the assets being transferred, as evidence of a mere continuation.

INSTRUCTION NO. 15D

<u>Second Claim – Second Element – Fraudulent Transfer</u>

Plaintiff also contends that a fraudulent transfer of assets occurred from an iCap entity bound by the Placement Agreement to iCap Income Fund II either directly or through iCap Income Fund I for the purpose of avoiding   liability.   Plaintiff must prove by a preponderance of the evidence that there was a transfer of substantially all of the assets from an iCap entity bound by the Placement Agreement to iCap Income Fund II directly or indirectly in order to establish successor liability.

However, even if plaintiff demonstrates there was a transfer, you must determine whether the transfer of assets was in good faith.   Good faith, or the lack thereof, ultimately rests on the intent of the parties involved in the transaction.   Transferring assets to another corporation to hinder or delay a creditor would constitute a fraudulent transfer.

Defendant has the burden to prove by a preponderance of the evidence that any transfer of assets was in good faith.

INSTRUCTION NO. 16

<u>Third Claim – Breach of Contract Against Chris Christensen – Overview</u>

Plaintiff also brings a claim for breach of contract against Chris Christensen individually alleging that he is a corporate officer of the LLC responsible for wrongful conduct or that he used an LLC form to violate or evade a duty and he should therefore be liable on this claim.   The general rule in Washington is that a corporate officer is not liable for an LLC's breach of contract.   The law, however, allows a plaintiff to recover against an officer of an LLC for breach of contract under the responsible corporate officer and corporate disregard doctrines.

INSTRUCTION NO. 16A

<u>Third Claim – Breach of Contract Against Christensen – Responsible Corporate Officer</u>

Plaintiff alleges that defendant Christensen is liable for the breach of contract under the responsible corporate officer doctrine.   Plaintiff must prove by a preponderance of the evidence each of the following elements to recover against Chris Christensen under this theory:

1.    That iCap Real Estate Fund II is liable to plaintiff on plaintiff's first claim for breach of the Placement Agreement; and

2.    That Chris Christensen (a) participated in wrongful conduct, which is conduct that is wrongful beyond the mere fact of breach, or (b) with knowledge approved the conduct, with all of you agreeing on (a) or (b) or both.

INSTRUCTION NO. 16B

<u>Third Claim – Breach of Contract Against Christensen – Corporate Disregard</u>

Plaintiff also alleges that defendant Christensen is liable for the breach of contract under a theory of corporate disregard.   Plaintiff must prove by a preponderance of the evidence each of the following elements to recover against Chris Christensen under this theory:

1.   That iCap Real Estate Fund II is liable to plaintiff for breach of the Placement Agreement;

2.   That Chris Christensen used the corporate form to violate or evade a duty under the Placement Agreement; and

3.   That disregard of the corporate entity is necessary to prevent an unjustified loss to plaintiff.

INSTRUCTION NO. 17

<u>Fourth Claim – Tortious Interference Against iCap Income Fund II</u>

To establish its fourth claim for tortious interference against iCap Income Fund II, plaintiff must prove by a preponderance of the evidence each of the following elements:

1.    That at the time of the conduct at issue, plaintiff had a business expectancy with a probability of future economic benefit for plaintiff;

2.    That iCap Income Fund II knew of the existence of that business expectancy;

3.    That iCap Income Fund II intentionally induced or caused the termination of the business expectancy;

4.    That iCap Income Fund II's interference was for an improper purpose as defined in these instructions; and

5.    That the conduct of iCap Income Fund II was a proximate cause of damages to plaintiff.

If you find from your consideration of all of the evidence that any of these elements has not been proved, your verdict should be for defendants on plaintiff's fourth claim.   On the other hand, if you find that all of these elements have been proved, then your verdict should be for plaintiff on its fourth claim as to defendant iCap Income Fund II.

INSTRUCTION NO. 17A

<u>Definition of Improper Purpose</u>

"Interference for an improper purpose" is interference with an intent to harm plaintiff.

INSTRUCTION NO. 17B

<u>Fifth Claim – Tortious Interference Against Chris Christensen</u>

To establish its fifth claim for tortious interference against Chris Christensen, plaintiff must prove by a preponderance of the evidence each of the following elements:

1.  That at the time of the conduct at issue, plaintiff had a business expectancy with a probability of future economic benefit for plaintiff;

2.  That Chris Christensen knew of the existence of that business expectancy;

3.  That Chris Christensen intentionally induced or caused the termination of the business expectancy;

4.  That the conduct of Chris Christensen was a proximate cause of damages to plaintiff.

Chris Christensen claims that he acted to protect a legal right.   The general rule is that an officer or director of a corporation is not personally liable in damages for inducing the corporation to violate a contractual relationship, provided the officer or director acts in "good faith" and believes that what he does is in the best interests of the corporation.   "Good faith" means the person inducing the breach of a corporate contract is an officer or employee acting for the benefit of the corporation and within the scope of his authority.   Mr. Christensen has the burden of proving this affirmative defense by a preponderance of the evidence.

01

INSTRUCTION NO. 17B (Page Two)

02

03

If you find that Chris Christensen has met his burden to prove that he acted in good faith

04

to benefit any iCap entity that was obligated to pay a fee to plaintiff under the Placement

05

Agreement, then Chris Christensen's conduct in interfering with plaintiff's expectancy was

06

proper.

07

If you find from your consideration of all of the evidence that one or more of the elements

08

of the tortious interference claim has not been proved, or that Chris Christensen has established

09

all of the elements of his affirmative defense, then your verdict should be for Mr. Christensen on

10

plaintiff's fifth claim.   On the other hand, if you find that plaintiff has established all of the

11

elements of the tortious interference claim, and Chris Christensen has not established the

12

elements of his affirmative defense, then your verdict should be for plaintiff on its fifth claim as

13

to Chris Christensen.

14

15

16

17

18

19

20

21

22

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18

<u>Proximate Cause:   Definition</u>

A cause of an injury is a proximate cause if it is related to the injury in two ways: (1) the cause produced the injury, and (2) the injury would not have happened in the absence of the cause.

There may be more than one proximate cause of an injury.

INSTRUCTION NO. 19

<u>Counterclaim – Breach of Placement Agreement</u>
<u>Against Stalwart Capital</u>

Defendant iCap Real Estate Fund I has the burden of proving by a preponderance of the evidence each of the following elements on its counterclaim for breach of contract against plaintiff:

1.      That iCap Real Estate Fund I entered into the Placement Agreement with plaintiff.

2.      The Placement Agreement between plaintiff and iCap Real Estate Fund I provided in part that plaintiff would use its best efforts to locate capital investments for iCap Real Estate Fund I;

3.      Plaintiff breached the Placement Agreement by (a) failing to provide best efforts to raise capital for iCap Real Estate Fund I, or (b) breaching its duty of good faith and fair dealings, with all of you agreeing on either or both of these breaches;

4.      That iCap Real Estate Fund I was not in material breach of the Placement Agreement; and

5.      That iCap Real Estate Fund I was damaged as a result of plaintiff's breach.

If you find from your consideration of all of the evidence that any of these elements has not been proved, your verdict should be for plaintiff on defendant's counterclaim.   On the other hand, if you find that all of these elements have been proved, your verdict should be for defendant on its counterclaim.

INSTRUCTION NO. 20

<u>Measure of Damages</u>

It is the duty of the Court to instruct you as to the measure of damages.   By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.   If you find for plaintiff on one or more of its claims, you must determine plaintiff's damages.   Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by a defendant or defendants.   It is for you to determine, based upon the evidence, what damages, if any, have been proved.   Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

**1.   <u>Damages for Contract Claims (First, Second and Third Claims)</u>**

If your verdict is for plaintiff on any of its claims for breach of contract, you may award any actual damages proved by plaintiff.   For purposes of plaintiff's contract claims, "actual damages" are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach.   A loss may be foreseeable as a probable result of a breach because it follows from the breach either (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.   In calculating plaintiff's actual damages, you should determine the sum of money that will put plaintiff in as good a position as it would have been if both plaintiff and defendant or defendants had performed all of their promises under the contract.

INSTRUCTION NO. 20 (page 2)

If your verdict is for plaintiff on any of its claims for breach of contract, you must also determine the percentage of distributions, if any, due plaintiff under Paragraph 3(c) of the Placement Agreement.

### 2.   Damages for Tortious Interference (Fourth and Fifth Claims)

One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for the pecuniary loss of the benefits of the contract or the prospective relation.

### 3.   Damages for Defendant's Counterclaim

If your verdict is for defendant iCap Real Estate Fund I on its counterclaim for breach of contract, you may award any damages proved by defendant.   In calculating actual damages, you should determine the sum of money that will put the iCap Real Estate Fund I in as good a position as it would have been if both parties had performed all of their promises under the contract.

If you find that plaintiff breached the contract and caused damages, you may not award defendant more than $10,000.

INSTRUCTION NO. 21

Mitigation of Damages

Plaintiff has a duty to use reasonable efforts to mitigate damages.   To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

1.      that plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages could have been mitigated.

The duty to mitigate does not require a plaintiff to incur undue risk, burden, or humiliation.

INSTRUCTION NO. 22

<u>Deliberation</u>

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.   It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

All of you must agree upon a verdict.   When you have so agreed, fill in the proper form of verdict to express the results of your determination.   The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

INSTRUCTION NO. 23

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.   Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 24

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 25

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.