UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STALWART CAPITAL, LLC,

        Plaintiff,

  v.

ICAP PACIFIC NORTHWEST
OPPORTUNITY AND INCOME
FUND, LLC, et al.,

        Defendants.

C14-1128 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant iCapEquity Real Estate Fund I, LLC recently filed an Amended Corporate Disclosure Statement, docket no. 151, representing that, as of July 24, 2014, its members included three (3) trusts and two (2) limited liability companies, one of which (Ariana Holdings, LLC) has four (4) trusts as members. The Amended Corporate Disclosure Statement does not, however, explain whether the trusts at issue are traditional trusts or business trusts, for example, real estate investment trusts. *See GBForefront, L.P. v. Forefront Mgmt. Group, LLC*, 888 F.3d 29, 37-41 (3d Cir. 2018) (distinguishing between a traditional trust, the citizenship of which is based on the citizenship of each trustee, and a business trust, the citizenship of which is analyzed by considering the citizenship of each constituent owner, member, or beneficiary (citing *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016))). Within fourteen (14) days of the date of this Minute Order, defendant iCapEquity Real Estate Fund I, LLC shall file a revised corporate disclosure statement, signed under penalty of perjury by a party representative with personal knowledge, setting forth either (i) the owners, members, and/or beneficiaries of the various trusts at issue and their respective citizenship, or (ii) sufficient facts from which the status of such trusts as traditional trusts can be ascertained.

MINUTE ORDER - 1

(2)     Defendants' motion for entry of supplemental findings of fact and conclusions of law, docket no. 144, is RENOTED to June 29, 2018.

(3)     If the Court, after reviewing defendant iCapEquity Real Estate Fund I, LLC's revised corporate disclosure statement, is persuaded that complete diversity existed at the time this action was commenced, the Court would be inclined to treat the pending motion, docket no. 144, as seeking leave to amend the pleadings to cure the inadequate allegations of diversity jurisdiction.  *See* 28 U.S.C. § 1653; *see also* <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 830-31 (1989) (recognizing that § 1653 permits amendments to the pleadings when diversity jurisdiction "in fact existed at the time the suit was brought or removed, though defectively alleged").  On the other hand, if the parties' various filings do not support a finding of diversity jurisdiction, the Court will likely dismiss this matter without prejudice.  Before the Court enters any final order, however, the parties will be provided an opportunity to submit additional briefing.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 14th day of June, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2